IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KRYSTAL WORTHINGTON                                                                        PLAINTIFF

V.                                    CASE NO. 1:15-cv-00039-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                                        DEFENDANT
Social Security Administration

### MEMORANDUM AND ORDER

Plaintiff Krystal Worthington filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence does not support the Commissioner's decision.

**I.    PROCEDURAL HISTORY**

Ms. Worthington protectively filed her application for DIB on August 14, 2012. (R. at 13.) She alleged a disability onset date of August 10, 2012. (R. at 13.) She met the insured status requirements of the Social Security Act through December 31, 2014. (R. at 15.) She alleged complications from diabetes, neuropathy, and a heart condition. (R. at 39.) The Social Security Administration denied Ms. Worthington's claim at the initial and reconsideration levels. (R. at 13.) On August 19, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 26.) On November 1, 2013, the ALJ issued an unfavorable decision, denying Ms. Worthington's claim. (R. at 93.) On January 27, 2015, the Appeals Council denied Ms. Worthington's request for review.

On March 24, 2015, Ms. Worthington filed a complaint against the Commissioner, appealing the ALJ's denial of DIB. (Compl. 1, ECF No. 2.) On April 1, 2015, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both

parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 12; Def.'s Br., ECF No. 14.)

## II.   ADMINISTRATIVE PROCEEDINGS

Ms. Worthington was twenty-nine years old on the date of the administrative hearing and had completed high school with some college classes. (R. at 27.) She had past relevant work as a deputy assessor, legal assistant, and waitress. (R. at 34.) The ALJ applied the five-step sequential evaluation process to Ms. Worthington's claim.[2] (R. at 14.) The ALJ found that Ms. Worthington satisfied the first step because she had not engaged in substantial gainful activity. (R. at 15.) At step two, the ALJ found that Ms. Worthington suffered from the severe medical impairments of fibromyalgia and joint pain. (R. at 15.) At step three, the ALJ found that Ms. Worthington did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14.) Before proceeding to step four, the ALJ found that Ms. Worthington had a residual functional capacity ("RFC") to perform less than a full range of light work. Specifically, he found that Ms. Worthington could:

> only occasionally stoop, kneel, crouch, or crawl. She can perform no work requiring balancing or work requiring exposure to hazards including unprotected heights, moving machinery, and open flames.

(R. at 16.) In making the RFC determination, the ALJ found that Ms. Worthington was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 17.)

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

At step four, the ALJ found that Ms. Worthington was capable of performing her past relevant work as a deputy assessor and a legal assistant. (R. at 19.) Therefore, the ALJ found that Ms. Worthington was not disabled. (R. at 19.)

### III. STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

### IV. DISCUSSION

Ms. Worthington argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br. 1, ECF No. 12.) Specifically, she alleges that substantial evidence does not

support the ALJ's decision to discount her credibility regarding her contention that her fibromyalgia is disabling. (*Id.* at 11-15.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 6, ECF No. 14.)

In considering the credibility of a claimant's subjective complaints, and ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is "not required to discuss each *Polaski* factor as long as 'he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Substantial evidence does not support the ALJ's determination that Ms. Worthington's subjective complaints of pain are inconsistent with the objective medical evidence. The medical record is consistent in showing that Ms. Worthington is in pain due to her fibromyalgia and joint pain. However, the record does not contain a functional assessment of Ms. Worthington's physical abilities by any examining or treating physicians. Without a functional assessment, it is unclear how the ALJ reached the conclusion that Ms. Worthington is not credible regarding the persistence and limiting effects of her symptoms. Especially in cases where the claimant was diagnosed with fibromyalgia, the ALJ must have objective evidence from a doctor that states

whether the claimant is capable of substantial gainful employment. *Brosnahan v. Barnhart*, 336 F.3d 671, 678 (8th Cir. 2003) (citing *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002)). The ALJ may then place the appropriate amount of weight on each of the physicians' opinions in determining the RFC.

Since substantial evidence does not support the ALJ's credibility determination, the record falls short of the required medical evidence necessary to support the ALJ's physical RFC determination. Ms. Worthington requests that the Court instruct the ALJ to "recontact the claimant's doctors to obtain additional information regarding her fibromyalgia." (Pl.'s Br. 14, ECF No. 12. (citing *Brosnahan*, 336 F.3d at 678)). The Court agrees that this would be appropriate. The Commissioner should request from Ms. Worthington's treating doctors, as well as any other doctors she feels necessary, to provide their assessment of Ms. Worthington's functional capacity to work. The Commissioner should reassess her credibility and RFC using this updated information.

Ms. Worthington also argues that the ALJ's decision that her activities of daily living are inconsistent with her claim of disabling pain. The ALJ should review this claim *de novo* on remand.

V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is evidence in the record that contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the Commissioner. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes that remand is necessary for further consideration consistent with this decision. Although the Commissioner may still reach the conclusion that Plaintiff is not entitled to benefits, she must develop the record further consistent with this opinion.

SO ORDERED this 17th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE